**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling**

**BRANDON MARQUIS JENNINGS,**

       Petitioner,

v.                                                 **Civil Action No. 5:21-cv-14**
                                                        Judge Bailey

**CASE MANAGER YONASH, et al.,**

       Respondents.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On January 26, 2021, the *pro se* petitioner, David Gambino, filed an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241, together with a Motion for Leave to Proceed *in forma pauperis* and a Prisoner Trust Account Report which was apparently prepared by the petitioner. This matter is assigned to the Honorable John Preston Bailey, United States District Judge, and is referred to the undersigned United States Magistrate Judge for submission of a proposed disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

### II. PETITION

The petitioner raises four grounds in support of his § 2241 petition. In summary the petitioner alleges that: (1) he was denied the right to a clean and safe environment upon his arrival at USP Hazelton on October 27, 2020[1]; (2) he was denied the right to communicate with the community and administration; (4) he was punished for praying by being denied a shower; and (4) he was denied access to the courts by being denied

---

[1] More specifically, the petitioner alleges that he was forced to wear the same clothing for 33 days, was denied cleaning supplies and soaps that are used to prevent the spread of COVID-19.

1

access to the commissary to purchase stamps[2].  For relief, the petitioner is seeking bail pending appeal, punitive termination of employment of the respondents, and training for the respondents.

### III.   LEGAL STANDARDS

**A. Reviews of Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court.  This Court is charged with screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a

---

[2] On April 4, 2019, in the United States District Court for the Eastern District of North Carolina the petitioner was charged in a 13-count second superseding indictment. Count One and Two charged the petitioner with Sex Trafficking by Force, Fraud and Coercion. Counts Three and Four charged the petitioner with Sex Trafficking of a Minor. Count Five charged the petitioner with Manufacture/Production of Child Pornography. Count Six charged the Petitioner with Interstate Transportation of a Minor with Intent to Engage in Criminal Sexual Activity.  Counts Seven through Nine charged the petitioner with Transportation for Prostitution by Coercion and Enticement.  Counts Ten through Twelve charged the petitioner with Interstate Transportation for Prostitution (Mann Act). Count Thirteen charged the petitioner with Use of Internet to Promote an Unlawful Business Enterprise, Namely Prostitution (ITAR) and aiding and abetting.  Following a multi-day trial, the petitioner was found guilty on all counts.  On August 21, 2020 an Amended Judgment was entered committing the petitioner to the custody of the Bureau of Prison for a term of Life on each of Counts 1ss, 2ss, 3ss, 4ss, and 6ss, to be served concurrently, a term of 360 months on Count 5ss to be served concurrently; a term of 240 months on Each of Counts 7ss, 8ss, and 9ss, to be served concurrently; a term of 120 months on each of Counts 10ss, 11ss, and 12ss; and a term of 60 months on Counts 13ss, to be served concurrently.   An appeal is currently pending before the Fourth Circuit, and on December 16, 2020, the sentencing court denied the petitioner's renewed motion for bail pending appeal.  See Criminal Docket for Case # 5:18-cr-00318-FL-1 (EDNC) (available on PACER).

district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B. Pro Se Litigants

As a pro se litigant, the petitioner's pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the petitioner is not entitled to relief under 28 U.S.C. 2241, and this matter is due to be dismissed.

### IV.   ANALYSIS

A section 2241 petition is used to attack the way the sentence is executed. *See* 28 U.S.C. § 2241. In a 2241 petition, a prisoner may seek relief from his parole, computation of his sentence or disciplinary actions taken against him involving the loss of good conduct time. "[T]he Supreme Court [has] held that the writ of habeas corpus was the exclusive civil remedy for prisoners seeking release from custody." Glaus v. Anderson, 408 F.3d 382, 286 (7th Cir. 2005). Also, worth noting is that at the "heart of habeas corpus" petitions, the petitioner is challenging "the fact or duration of his physical confinement," or "seeking immediate release or speedier release from active confinement." See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973). On the other hand, a Bivens action is used to hold federal officers "individually liable for constitutional violations." Starr v. Baca, 625 F.3d 1202 (9th Cir. 2011). Even more generally, a Bivens

3

action allows individuals to sue a federal actor because he or she violated a right guaranteed by the Constitution or a federal law. See Bivens, 403 U.S. at 392-94. Further, "[a]lthough 'more limited in some respects,' a Bivens action is a federal analog to an action against state or local officials under § 1983." Id. (quoting Hartman v. Moore, 547 U.S. 25, 254 n.2 (2006)). See Preiser, 411 U.S. at 499 ("a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not the fact or length of his custody.").

Here, the petitioner complains about the conditions of his confinement, including claims of cruel and usual punishment with respect to a clean and safe environment, violation of his first amendment right to communication with the community and administration, violation of his first amendment right to participate in religious freedom, and violation of his first and eighth amendment right to access the courts. These claims are not an attack on, nor are they related in any way to, the execution of his sentence. The petition does contest the fact or duration of his confinement, and success on the merits would not result in immediate or speedier release from his confinement with the BOP. Thus, the petitioner's claims should have been raised pursuant to a civil rights complaint. Preiser at 499-500 (a civil rights action is the proper remedy for a prisoner challenging the conditions of his prison life). See also Lee v. Winston, 717 F.2d 888 (4th Cir. 1983). Because a petition for writ of habeas corpus under § 2241 is not the proper avenue in which to seek the requested relief, the petition should be denied and dismissed from the Court's active docket.

## V.     RECOMMENDATION

In consideration of the foregoing, it is the undersigned's recommendation that this § 2241 petition [ECF No.1] be **DENIED and DISMISSED** without prejudice to the

petitioner's right to file his claims in a civil rights action. In addition, the undersigned recommends that his Motion for Leave to Proceed *in forma* pauperis **[Doc. 2]** be **DENIED and the fee waived**.

The petitioner shall have fourteen days from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation, **together with a Bivens packet** to the petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:  February 2, 2021

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE